■ LUIS F. UGARTE, Respondent, v UNITED STATES LINES, INC., Appellant. — Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 17, 1983, which denied defendant's motion for summary judgment, is unanimously reversed, on the law, motion is granted and the complaint is dismissed, without costs.

On May 23, 1978, the defendant's ship, the *S. S. American Courier* (*Courier*), was docked at a pier in Bremerhaven, Germany. Plaintiff was a member of the *Courier's* crew, and early in the evening of May 23, plaintiff left the ship for several hours of shore leave. At about 10:00 P.M., plaintiff returned to that part of the pier where the *Courier* was docked. Plaintiff found that a number of railroad boxcars, which are used to load and unload cargo, were on the pier. In order to reach the *Courier's* gangway, plaintiff decided to climb between two boxcars and over a platform, which was wet and slippery as a result of rainfall. As he was doing this, plaintiff slipped and fell off the platform and fractured his left leg.

Since the plaintiff was a merchant seaman, he commenced this negligence action, pursuant to the Federal Jones Act (US Code, tit 46, § 688), against the employer-shipowner defendant to recover damages for his injuries. After deposing plaintiff, defendant moved for summary judgment. Special Term denied that motion. We find that Special Term erred.

Although this maritime action was brought by the plaintiff in a New York court, "it is the general maritime law that governs the rights and liabilities of the parties" (*Alvez v American Export Lines,* 46 NY2d 634, 638). The general rule in Federal

maritime law is that a shipowner is not liable for unsafe conditions on the pier beyond the gangway, when a seaman is on that pier as a result of shore leave, and not in the performance of his duties (*Wheeler v West India S. S. Co.,* 205 F2d 354 [CA2d]; *Dangovich v Isthmian Lines,* 327 F2d 355 [CA2d]; *Paul v United States,* 205 F2d 38, cert den 346 US 888; *Bates v Prudential-Grace Lines,* 497 F2d 900, cert den 419 US 1009). We apply that rule (*Alvez v American Export Lines, supra,* at p 639). Thus, we conclude that defendant is not liable, as a matter of law, for the injuries suffered by plaintiff. Concur — Murphy, P. J., Ross, Carro, Milonas and Alexander, JJ.